# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7671 | **DATE** | 1/21/2004 |
| **CASE TITLE** | GREGORY A. WUJEC, et al vs. AT&T CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendant's Rule 12(b)(6) motion to dismiss is granted and this case is dismissed with prejudice. Plaintiffs' motions to file an amended complaint and to remand the case to state court are denied. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | IS | 11 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GREGORY A. WUJEC and JOHN  )
P. SCINTO, individually and on  )
behalf of all those similarly situated,  )
)
      Plaintiffs,  )   No. 03 C 7671
)   Paul E. Plunkett, Senior Judge
v.  )
)
AT&T CORP.,  )
)
      Defendant.  )

## MEMORANDUM OPINION AND ORDER

Gregory A. Wujec and John P. Scinto[1] have sued AT&T Corp. for its alleged violations of the Illinois Sales Representative Act, 820 ILL. COMP. STAT. 120/1 et seq. AT&T has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the reasons set forth below, the motion is granted.

## Facts

Wujec was employed by AT&T as a senior account executive from October 2, 2000 to July 31, 2002. (Compl. ¶ 4.) Scinto was employed by AT&T as a senior account executive from February 2001 to August 1, 2002. (Id. ¶ 5.) Both men were paid on a salary plus commission basis. (Id. ¶ 6.)

---

[1] Plaintiffs purport to sue on behalf of themselves and all others similarly situated. Plaintiffs have not, however, requested or obtained class certification. Thus, we have disregarded the class allegations of the complaint.

On July 10, 2003, AT&T sent Wujec a letter demanding that he repay $5,663.52 in commissions purportedly overpaid to him during his employment. (Id. ¶ 7.) The same day, AT&T sent a similar letter to Scinto demanding that he return $21,790.51 in allegedly overpaid commissions. (Id. ¶ 8.) A month later, AT&T sent each man a second demand letter. (Id. ¶¶ 10-11.)

Plaintiffs claim that AT&T's attempts to collect commissions earned by and paid to Wujec and Scinto during their employment with the company violate the Illinois Sales Representative Act.

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

In relevant part, the Illinois Sales Representative Act provides:

> All commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due. Any provision in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void.

820 ILL. COMP. STAT. 120/2. A "sales representative," according to the Act, is "a person who contracts with a principal to solicit orders and who is compensated, in whole or in part, by

commission." 820 ILL. COMP. STAT. 120/1(4). The Act defines a "principal" as "a sole proprietorship, partnership, corporation or other business entity" that:

> (A) Manufactures, produces, imports, or distributes a product for sale;
> (B) Contracts with a sales representative to solicit orders for the product; and
> (C) Compensates the sales representative, in whole or in part, by commission.

820 ILL. COMP. STAT. 120/1(3). AT&T says that the Act does not apply to plaintiffs because AT&T does not sell "products" and, thus, is not a "principal," as the Act defines it.

The Court agrees. Though the Illinois Supreme Court has not decided the issue, in English v. Northwest Envirocon, Inc., 663 N.E.2d 448 (Ill. App. Ct. 1996), the state appellate court held that the term "principal" is limited to people and entities that sell tangible goods. The English court based its conclusion on the plain language of the statute:

> Despite the fact that [English] presents a persuasive argument in favor of construing the Sales [Representative] Act to include services sellers not otherwise covered by specific enactments, we find that we are constrained by the language of the statute. ... Despite [English's] efforts to persuade us that the term "products" is sometimes defined broadly in common usage, we conclude that the employment of terms such as "manufactures," "distributes," and "imports" evidences the legislature's clear intent that the Sales [Representative] Act apply only to purveyors of tangible goods, not services. ... [I]f the legislature had intended the act to apply to services, it could easily have employed broader language.

Id. at 454. Two judges of this district have reached the same conclusion. See Formestic, Inc. v. Residential Warranty Corp., No. 96 C 6638, 1997 WL 51490, at *4 (N.D. Ill. Feb. 4, 1997) ("After examining the well-reasoned discussion of the scope of 'product' under the Act in English, we have not been persuaded that the Illinois Supreme Court would determine that 'product' has a wider definition than was determined in English."); Kenebrew v. Connecticut Gen. Life Ins. Co., 882 F. Supp. 749, 754 (N.D. Ill. 1995) ("While the language of the statute does not explicitly define products only in terms of manufactured products or tangible goods, the most reasonable construction

of the statute's plain meaning is to not include intangibles such as insurance because of the context in which the term 'product' is found."). Given the plain language of the Act, we believe that the Illinois Supreme Court would follow the reasoning of those courts and hold that only sellers of tangible goods qualify as "principals." Plaintiffs' affirmative allegation that they sold only AT&T's services, not its products, (see Compl. ¶ 2), establishes that AT&T is not a principal as the term is defined under the Illinois Sales Representative Act. Accordingly, plaintiffs' claims must be dismissed.[2]

Plaintiffs do not dispute the Court's interpretation of the Act. In fact, they do not address the Act at all. (See Pls.' Resp. Mot. Dismiss.) Instead, they seek to file an amended complaint that reduces the amount in controversy to less than $75,000.00 and ask that the case, as amended, be remanded to state court.

That we cannot do. The existence of subject matter jurisdiction over a lawsuit removed from state court is determined at the time of removal. St. Paul Indem. Co. v. Red Cab Co., 303 U.S. 283,

---

[2] AT&T also says that the complaint should be dismissed because plaintiffs have not alleged that they were sales representatives within the meaning of the Act. See 820 ILL. COMP. STAT. 120/1(4) (excluding from the definition of sales representative "one who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act."); 820 ILL. COMP. STAT. 115/2 (defining "employee" for the Illinois Wage Payment and Collection Act as "any individual permitted to work by an employer in an occupation," but excluding any individual:
    (1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and
    (2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and
    (3) who is in an independently established trade, occupation, profession or business).
The Court agrees that plaintiffs have not alleged, even conclusorily, that they were sales representatives as contemplated by the Act. Because that defect may be curable by amendment, however, it is not a basis for the Court's dismissal of the suit.

291 (1938). If, after removal, the plaintiff "by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite [jurisdictional] amount, [that] does not deprive the court of jurisdiction." Id. at 292; Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 429 (7th Cir. 1997) (noting that the Seventh Circuit follows the holding of St. Paul that plaintiff cannot defeat jurisdiction by reducing his claim after removal). Otherwise, the St. Paul Court said, "defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." Id. at 294.

When AT&T removed this case, plaintiffs were seeking in excess of $75,000.00 in damages, (Compl. ¶ 25A, B), and the parties were of diverse citizenship.[3] Having alleged their way into federal court, plaintiffs cannot now amend their way out. Accordingly, plaintiffs' motions to amend their complaint and to remand this case to state court are denied.

## Conclusion

For the reasons stated above, defendant's Rule 12(b)(6) motion to dismiss is granted and this case is dismissed with prejudice. Plaintiffs' motions to file an amended complaint and to remand the case to state court are denied. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** _____

---

[3]The complaint does not affirmatively allege AT&T's citizenship, but AT&T has admitted in a case before another judge of this Court that it is a New York corporation with a principal place of business in New Jersey. See AT&T Corp. v. Synet, Inc., No. 96 C 0110, 1997 WL 89228, *1 (N.D. Ill. Feb. 13, 1997). Because plaintiffs allege that they reside in Illinois, (Compl. ¶ 2), the Court finds that the parties are diverse.